UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-22111-Civ-COOKE

ROSARIO ROJO,

    Plaintiff,

vs.

PETER R. LOPEZ, individually
and in his official capacity,

    Defendant.

_____/

## ORDER DISMISSING CASE

Plaintiff Rosario Rojo ("Plaintiff" or "Ms. Rojo"), proceeding *pro se*, filed her Verified Complaint (ECF No. 1) on June 9, 2016 alleging a claim pursuant to 42 U.S.C. § 1983 as a result of Defendant Judge Peter R. Lopez's unconstitutional actions and abuse of power. *See generally* Compl., ECF No. 1. More specifically, Plaintiff alleges that Defendant Judge Peter R. Lopez "denied [her] the right to be heard," "ignored [her] request for recusal," and "engaged in egregious discrimination by refusing to hear [her] claims and/or motions and in issuing final judgment." *Id.* She seeks relief in the form of an order from this Court removing Judge Peter R. Lopez from her case in state court, vacating his prior orders, and reassigning her case to a different judge. *Id.*

After a review of Plaintiff's Verified Complaint, the record, relevant legal authorities, and for the reasons discussed herein, I find that this Court lacks subject matter jurisdiction over this action. Therefore, the matter is dismissed and this case closed.

## I. DISCUSSION

Before addressing the merits of a case, a court must first determine whether subject matter jurisdiction exists. *See Wernick v. Matthews*, 524 F.2d 543, 545 (5th Cir. 1975) ("[W]e are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits. If we lack jurisdiction, it is our duty to notice that fact sua sponte.");[1]

---

[1] Decisions of the former Fifth Circuit issued before October 1, 1981 are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

*see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Subject matter jurisdiction "involves the court's competency to consider a given type of case," so it "cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982).

Under the *Rooker-Feldman* doctrine, a federal district court generally lacks jurisdiction to review final judgments of a state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414-16 (1923). *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine bars claims "that were actually raised in the state court and those 'inextricably intertwined' with that state judgment." *Figueroa v. MERSCORP, Inc.*, 766 F. Supp. 2d 1305, 1316 (S.D. Fla. 2011) (citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam), *aff'd*, 477 F. App'x 558 (11th Cir. 2012) (per curiam). "A claim is inextricably intertwined if it would effectively nullify the state court judgment or [if] it succeeds only to the extent that the state court wrongly decided the issues." *Casale*, 558 F.3d at 1260 (citations and internal quotation marks omitted).

Here, although Plaintiff purports to bring a claim pursuant to 42 U.S.C. § 1983, she essentially seeks review of orders, including a final judgment of foreclosure, entered against her in an underlying state court action. Because she challenges the validity of the decisions of Defendant Judge Peter R. Lopez in an underlying state court action, her claim (if successful) would effectively nullify the state court's orders, including its final judgment of foreclosure, or would indicate that the state court wrongly entered that judgment. The present claim is, therefore, inextricably intertwined with the state court judgment, and this Court lacks jurisdiction to consider it.

## II. CONCLUSION

Having determined that this Court lacks subject matter jurisdiction to hear Plaintiff's claim, it is **ORDERED and ADJUDGED** that Plaintiff's Verified Complaint (ECF No. 1)

2

is **DISMISSED** *without prejudice*.[2]  The Clerk shall **CLOSE** this case.  All pending motions, if any, are **DENIED** *as moot*.

  **DONE and ORDERED** in Chambers, at Miami, Florida, this 16th day of June 2016.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Rosario Rojo, pro se*

---

[2] Alternatively, as Plaintiff has failed to state a discernable cause of action, the Court also dismisses her Verified Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(1).

3